## James B. McCoy v. Orlando F. Griswold.

1. CONTRACT—*law determinative of validity and construction of.* The validity and construction of a contract is determined by the law of the place where it is made, while the law of the forum governs as to the time, the mode and the extent of the remedy.

2. CONTRACT—*when separate instruments are construed together as one.* A deed and agreement made at or about the same time, between the same parties, and in relation to the same subject-matter, must be held to constitute but one instrument, and will be read and construed together.

3. CHAMPERTOUS—*when contract is not.* A contract is not champertous notwithstanding it contains an agreement to defray the expenses of the suit in question, where the consideration for the payment of such expenses is other than out of the claim in suit.

Action in covenant. Appeal from the Circuit Court of Greene County; the Hon. ROBERT B. SHIRLEY, Judge, presiding. Heard in this court at the May term, 1903. Affirmed. Opinion filed June 28, 1904.

F. A. WHITESIDE and H. T. RAINEY, for appellant.

MARK MEYERSTEIN, for appellee.

MR. JUSTICE PUTERBAUGH delivered the opinion of the court.

This is an action in covenant, by appellant against appellee, to recover damages resulting from the breach of a covenant of title in a warranty deed executed by appellee to appellant, conveying certain real estate. The cause was tried by the court without a jury. The court found the issues for the plaintiff, and assessed his damages at $2,693.59. The court further found that a tender of said sum had been made by the defendant prior to the commencement of the suit, and therefore rendered judgment against the plaintiff for costs. To reverse said judgment the plaintiff appeals to this court.

The evidence discloses the following facts: On June 13, 1896, Griswold, the appellee, was the owner of record, and apparently in fee simple, of certain real estate in the city of Platteville, Wisconsin. On that day he and his wife exe-

cuted and delivered to McCoy, the appellant, a deed, with full covenants of warranty, conveying to him the said real estate. Prior to the execution of said deed, one Cleary of Platteville, had claimed that while acting as agent for Griswold he had sold the real estate to one Brown, and that he was entitled to $100 commissions therefor. Griswold denied that Cleary had any authority from him to sell the said real estate or that he was entitled to any commissions. Brown subsequently insisted that he had bought the property through Cleary for $3,500. McCoy was occupying the property as the tenant of Griswold, and offered to purchase the property for $3,600. On June 8, 1896, Griswold, who at that time lived in White Hall, Illinois, wrote to McCoy at Platteville as follows: "I think there may be a ray of hope for you. If the thing works the plan will cost you thirty-seven hundred dollars. Now don't go back on me if I can bring it about. In Haste." In response to this letter, McCoy went at once to White Hall, reaching there on June 13, the day the deed in question was executed. On the same day the following agreement was executed by both McCoy and Griswold, to wit:

"Whereas, O. F. Griswold is about to sell to the undersigned his property in Platteville, Wisconsin, and which said property is now occupied by the undersigned as tenant of the said Griswold; And whereas R. W. Brown of Belmont, Wisconsin, now claims to have contracted for all of said property through one T. L. Cleary of said city of Platteville, and threatens to attempt to enforce such alleged contract or the alleged breach thereof by the institution of a law suit; And whereas the said T. L. Cleary pretends to have a claim for commissions against the said O. F. Griswold by reason of such alleged sale of said property to the said R. W. Brown; And whereas the said O. F. Griswold is not willing to sell and convey to the undersigned said property, unless the undersigned will in addition to the price agreed upon, agree to keep the said O. F. Griswold harmless in any law suit which may be instituted by the said R. W. Brown or T. L. Cleary by reason of said alleged claims of the said R. W. Brown or T. L. Cleary. Now therefore in consideration of the premises I hereby agree, that if the said O. F. Griswold will sell and convey to the

undersigned all of the above property upon the terms here-
tofore agreed upon, the undersigned hereby agrees to keep
the said O. F. Griswold harmless in any and all matters
growing out of the alleged claims of the said R. W. Brown
and T. L. Cleary or either of them, and the undersigned in
consideration of the premises hereby also agrees to pay all
costs, fees, expenses, attorney fees whatsoever, which may
arise in the defense of any suit or suits whatsoever, which
may be brought by reason of the above alleged claims of
the said R. W. Brown or T. L. Cleary against the said O.
F. Griswold, and to pay all costs, fees, and damages, which
may be recovered against the said O. F. Griswold by rea-
son of said alleged claims, and as soon as such are so recov-
ered.

In witness whereof I hereunto set my hand this 13th day
of June, 1896, in duplicate.

J. B. McCoy.

In consideration of the foregoing the undersigned O. F.
Griswold hereby agrees, at his own expense, to attend in
person at any court or courts where such suit or suits, as
in the foregoing stated, may be brought or pending, if such
attendance on the part of the undersigned becomes neces-
sary or material.    The undersigned in consideration of the
premises also further agrees to personally do and truthfully
say all things pertinent and necessary to fairly and by
legitimate means to defeat such suit or suits, and also to
bring with him at such court or courts his own attorney at
his own expense, provided that the said J. B. McCoy also
employs at his own expense a reliable and competent at-
torney to defend such suit or suits if instituted.    This un-
dertaking on the part of the undersigned shall in no event
be held or deemed to relieve said J. B. McCoy from any
of the obligations by him hereinabove undertaken.    The
undersigned hereby further agrees that the said J. B.
McCoy shall have full control in the management of such
suit or suits with the right to appeal the same in the name
of the undersigned to any court the said McCoy may deem
proper.

Dated this 13th day of June, 1896, and signed in duplicate.

O. F. GRISWOLD."

On the day before the deed was executed Brown brought
suit in the Circuit Court of Grant county, Wisconsin,
against Griswold to obtain possession of the real estate,
claiming that he had bought the same through Cleary.

The suit resulted in a judgment in favor of Brown and against Griswold, and McCoy, who had been in possession since the date of his deed from Griswold, was immediately evicted from the premises. Cleary brought suit against Griswold for his commissions on the sale to Brown and obtained judgment for $140, which was paid by Griswold. Prior to the commencement of the suit at bar Griswold tendered to McCoy the sum of $2,693.59, insisting that he had paid expenses in the matter of the Brown and Cleary suits to the amount of $906.41, and that he owed McCoy the difference only between these expenses and the sum of $3,500 which McCoy had paid him for the land. McCoy declined to accept the tender and brought suit. It is conceded by McCoy that the amount paid out by Griswold for costs, expenses and attorney's fees in the defense of the Brown and Cleary suits was $906.41; and McCoy testified that he personally paid out as attorney's fees in said suits, the sum of $200. It is conceded by Griswold that the title to the land failed; that McCoy was evicted therefrom and that the consideration paid therefor, $3,600, should be refunded to McCoy. He insists, however that under the contemporaneous agreement he is entitled to credit for the amounts of money paid out by him in defending the Brown and Cleary suits. McCoy, on the contrary, contends, first, that the contemporaneous agreement cannot be read into the deed because under the law of Wisconsin exceptions limiting the covenants in a deed must be incorporated in the deed itself and that inasmuch as the contract although made in Illinois was to be performed in Winconsin, the law of Wisconsin must govern as to the rights of the parties thereto; second, that said agreement is not under seal and for that reason cannot be read into the deed; third, that said agreement is champertous and void; fourth, that if the agreement is valid and binding Griswold failed to comply with his undertaking by "selling and conveying" the land; and fifth, that if the contract is valid and binding the expenses paid by both Griswold and himself under said contract formed a part of the consideration or purchase

price of the property and that therefore he was not only entitled to be relieved from liability for the expenses paid by Griswold but that in addition thereto he should be reimbursed the sum of $200 paid by him in defense of the suits; that therefore the amount tendered was insufficient and the judgment too small.

The validity and construction of a contract is determined by the law of the place where it is made; while the law of the forum governs as to the time, the mode and the extent of the remedy. Sherman v. Gassett, 4. Gilm. 521; M. P. R. R. Co. v. Barron, 83 Ill. 366; Gay v. Rainey, 89 Ill. 221; Woodward v. Brooks, 128 Ill. 222; Wabash R. R. Co. v. Dougan, 142 Ill. 248; Pope v. Hanke, 155 Ill. 617. Inasmuch as the contract in question was made in Illinois and redress upon the same is sought there, it follows that the law of that state must govern as to its validity, construction, and the extent of the remedy for its violation. Under the law of Illinois, the deed and the agreement having been made at or about the same time, between the same parties and in relation to the same subject-matter, they must be held to constitute but one instrument and be read and construed together. Wilson v. Roots, 119 Ill. 379; James v. Hanks, 202 Ill. 114.

The contract is not champertous, for the reason that, while it contains an undertaking on the part of McCoy to defray the expenses of the suit, the consideration therefor is the conveyance to him of the property. It lacks the essential element necessary to constitute champerty, that is, an agreement to divide the proceeds of the litigation. Torrence v. Shedd, 112 Ill. 468.

The contention that Griswold has not complied with his undertaking by selling and conveying the land, is without force. McCoy fully understood the situation of the title. Griswold sold and conveyed such title as he had, which was a compliance with his agreement as both parties understood it.

It is admitted that the covenants of the deed having been broken by the establishment of a paramount title and

McCoy having been evicted, he is entitled as damages to a return of the total consideration paid by him for the property. Under the deed and contemporaneous contract when read and construed together, Griswold conveyed the property in question to McCoy and warranted and agreed to defend the title thereto. McCoy, on his part, in consideration thereof, agreed to pay $3,600 in cash and all costs and expenses of the anticipated suits by Brown and Cleary. Appellant contends that the cash payment of $3,600 and the amount expended for costs and expenses, to wit, $906.41, together represent the true consideration or purchase price of the property, and that he is not only entitled to have the cash payment refunded, but, in addition thereto, to be relieved from any liability to reimburse appellee for the costs and expenses. He insists that the costs and expenses paid by a grantee in good faith, in defense of the title and possession warranted to him by his grantor, are properly a portion of the purchase money and are recoverable as a part of the damages upon failure of the title warranted.

It is true that but for the presence of the contemporaneous agreement referred to, the rule as to the measure of damages, invoked, would apply herein. Harding v. Larkin, 41 Ill. 413.

The question as to what extent, if any, the covenants of warranty are modified by the contemporaneous agreement is therefore presented for our determination. Appellant contends that the agreement in no way modifies the covenants of the deed; that appellant's undertaking thereunder was simply to pay any costs, attorney's fees, expenses and damages which might be recovered in any suit brought by Brown or Cleary for damages only, and that the obligation remained in appellee to warrant and defend the title against any suit brought to divest appellant of the title, whether brought by Brown or others. The construction contended for would, we think, be clearly repugnant to the plain and unequivocal language of the agreement. The preamble thereof recites in substance that Brown claims to

have contracted for the property, and "threatens to enforce such alleged contract or the alleged breach thereof by the institution of a law suit." It is then provided that McCoy will keep the said Griswold harmless in any and all matters growing out of the alleged claim of Brown and pay all costs, fees, etc., that may be incurred on account of the same.

In construing the deed and agreement together effect should be given, if possible, to every clause, word and term thereof, and each should have a meaning given to it if it can be done consistently with the rules of law. We are of opinion that the only fair, reasonable and legal construction which can be given to the deed, enlarged as it is by the contemporaneous agreement, is, that while the covenants of the same remained in force as to all others claiming title to the property, they became, in any event, inoperative as to any claim of Brown thereto. This construction gives force and effect to both the covenants of the deed and the provisions of the agreement, and as well to the obvious intention of the parties as we gather it from the deed and agreement.

It follows that the trial court properly allowed appellee credit for the costs, damages and expenses incurred and paid by him in defending the Brown and Cleary suits; and a sufficient tender having been paid and kept good that the judgment against appellant for costs was warranted.

The judgment will be affirmed.

*Affirmed.*