## Granite City National Bank, v. Annie B. Cross (Appellee), Commonwealth Trust Company (Appellant), Third National Bank, American Trust Company et al.

1. Usury, § 5*—*when note is usurious.* Where a note executed and made payable in Missouri exacted the highest rate of interest allowed in such State, and was given for a loan under an arrangement whereby the payee received bonds of the face value of $10,000 as a bonus for making the loan, *held* that the exaction of the bonus was a shift or device to evade the law against usury.

2. Usury, § 22*—*what law governs.* A note which is usurious under the laws of the State where it was executed and made payable is usurious in Illinois.

3. Usury, § 75*—*when usury paid may be deducted from principal.* In an action to foreclose a trust deed given on Illinois real estate to secure a note which, under the laws of another State where it was executed and made payable was usurious by reason of exacting the highest rate of interest and an additional bonus, *held* that the court properly applied the value of the usurious bonus and the payments made on the interest in reduction of the principal of the note.

Appeal from the Circuit Court of Jersey county; the Hon. Robert B. Shirley, Judge, presiding. Heard in this court at the April term, 1914. Affirmed. Opinion filed July 2, 1914. *Certiorari* denied by Supreme Court (making opinion final).

**Statement by the Court.** In the early part of 1911, certain officers and bondholders of the Alton, Jacksonville & Peoria Railway Company began negotiations with the Commonwealth Trust Company of St. Louis, hereinafter called the Trust Company, with the object of inducing the Trust Company to purchase a

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

block of bonds of the Railway Company. The Trust Company, after an investigation of the affairs of the Railway Company, refused to make the purchase. The negotiations were continued and finally resulted in a proposal in writing made on May 5, 1911, by Annie B. Cross by E. M. Davis, her attorney in fact, E. M. Davis, A. J. Davis and C. H. Segar to the Trust Company stating that the Railway Company had completed and was operating its line from Alton to Godfrey and was constructing an extension to Jerseyville; that the Railway Company had executed a mortgage securing an issue of $600,000 first mortgage five per cent. bonds; that $470,000 of said bonds had been issued and sold and $130,000 of said bonds remained to be issued; that Annie B. Cross and her associates were the holders and owners of a majority of the stock of the Railway Company and of $100,000 of the bonds issued; that the Railway Company was desirous of selling the $130,000 of bonds to be issued and needs about $75,000 for the purpose stated, and we desire to assist it in procuring funds; that if the Trust Company "will purchase from said Railway Company $83,250 par value of the above described bonds within ten days from the date hereof, at not less than ninety per cent. of their face value, we agree to purchase from you, on your request, such portion of said bonds as you may designate, not to exceed $73,250 face value, and will pay therefor at the rate of 102.287 per cent. of the face value of bonds so purchased by us; payment therefor to be made within one year from the date of said purchase, * * * with interest thereon at the rate of 8 per cent. per annum, payable monthly. * * * Said note to be secured by the pledge of at least $140,000 par value of the bonds of said Railway Company."

On May 6, 1911, the Railway Company delivered $83,250 of said bonds to the Trust Company and the Trust Company paid therefor, at the rate of 90 cents, the sum of $74,925, which was placed to the credit of

the Railway Company. On the same day the Trust Company notified Mrs. Cross and her associates that it had purchased the said bonds and had elected to sell $73,250 par value of said bonds for $74,925 in accordance with the terms of the proposal and that she was to look to the Railway Company for the interest accrued and to accrue on the bonds. On May 9, 1911, Mrs. Cross and her associates executed and delivered a note dated St. Louis, May 6, 1911, for $74,925, payable to the Trust Company one year after date with interest at the rate of eight per cent. per annum payable monthly. The $73,250 of bonds which had been purchased by Mrs. Cross and associates, with enough other bonds of the issue to make up $140,000 of bonds, were also delivered to the Trust Company as collateral security to the said note. Interest was paid on this note to August 6, 1911, amounting to $1,498.50.

On September 18, 1911, the Railway Company went into the hands of a receiver. Default was made in the payment of interest on the note, and the collateral bonds were sold on November 4, 1911, for $50,000, which sum was credited on the note.

On the day the receiver was appointed, Annie B. Cross, to further secure the note to the Trust Company and other creditors who held notes against her, executed and delivered a trust deed on certain real estate in Jersey county to the Illinois State Trust Company of East St. Louis. The trust deed provided that if the notes secured by it were not paid, and more than nine months elapsed, or the property should be sold for taxes, the trustee might proceed to foreclose the trust deed. Default was made in the provisions of the trust deed, and the Granite City National Bank, the holder of one of the notes secured by the trust deed, filed a bill to foreclose it and to procure the appointment of a receiver to take charge of the mortgaged premises. The defendants to the bill either entered their appearance or were served with summons. Mrs.

Cross entered her appearance and filed an answer substantially admitting the allegations of the bill, and a decree of foreclosure was entered, which provided that the question of the rights and interests of the parties to the cause in the funds produced by the sale of the mortgaged premises be reserved for a later decree, and that the cause be again referred to the master to report the proof of the various parties in support of their claims and their right to share in the proceeds with the privilege to any party to present evidence and proof in opposition to any of the claims of the parties to the suit.   Thereafter the original counsel for Mrs. Cross withdrew from the case; other counsel appeared for her, and leave was granted her to file an amended answer, which was filed setting up that at the time of the transactions she was not advised of and did not know anything about the nature of the transactions, and that when the trust deed was prepared and executed she was not consulted, and when she executed it she personally knew nothing about the transactions represented by the notes; that all the business had been done by Edgar M. Davis as attorney in fact for her.   The answer sets up that in addition to the interest specified in the $74,925 note there was delivered to the Trust Company $10,000 of said bonds as a bonus or commission; that the note was executed and made payable in St. Louis, Missouri; that under the laws of Missouri said note is usurious; that chapter 62 of the Revised Statutes of Missouri of 1909 provides that parties may agree in writing for interest at not to exceed eight per cent. per annum; that any person who shall directly or indirectly take more than eight per cent. interest may be sued for any sum paid in excess of the legal rate; that all sums paid in excess of the legal rate shall be credited on the principal debt; that by the law of Missouri, in actions for the enforcement of liens on personal property pledged to secure an indebtedness, if it appear that usurious

interest has been exacted, such lien, pledge or mortgage shall be void. Exceptions by the Trust Company to the answer of Mrs. Cross were overruled.

On the hearing the court held that the Trust Company had received $10,000 of the bonds as a bonus or commission for making the $74,925 loan and that the said note was usurious, and refused to allow any interest and charged the Trust Company with $3,571.47, the value of the $10,000 of bonds and all payments made on interest as payments on the principal. The Trust Company appeals from the decree and assigns error on the findings of the court on the question of usury and the crediting of the sum found to be usury and all interest paid on the principal of the debt.

FORDYCE, HOLLIDAY & WHITE and J. V. E. MARSH, for appellant.

HAMILTON & HAMILTON, for appellee.

MR. PRESIDING JUSTICE THOMPSON delivered the opinion of the court.

The only questions raised on this appeal are whether the loan for which the note for $74,925 was taken was or not usurious, and if it was, then what law applies and governs the remedy in the proceeding to collect the note in this State.

The note was given and made payable in the State of Missouri. The law of the State where the contract is made governs as to whether or not the transaction is usurious. *Mineral Point R. Co. v. Barron*, 83 Ill. 365; *Burchard v. Dunbar*, 82 Ill. 450. The statute of Missouri provides that the taking of interest either directly or indirectly at more than eight per cent. per annum is usury.

There is no controversy over the facts. The appellant contends that the transaction was a sale of bonds by the Trust Company to Mrs. Cross and associates.

The Trust Company refused to buy the bonds. Mrs. Cross and her son-in-law, E. M. Davis, were interested in the extension of the railway that issued the bonds. After the Trust Company had refused to buy the bonds, negotiations were continued in reference to procuring a loan with which to continue the railway construction. W. V. Delahunt, the trust officer of the Trust Company, dictated the proposal signed by Mrs. Cross and the reply of the Trust Company to the proposal. The note signed by Mrs. Cross was for the same amount that the Trust Company paid for the $83,250 of bonds, and the Trust Company transferred $73,250 of the bonds to Mrs. Cross and took her note for the same amount of money that the Trust Company paid for the $83,250 of bonds. The Trust Company retained $10,000 of the bonds as a bonus for making the loan to Mrs. Cross and associates. Mrs. Cross' proposal simply was that the Trust Company should buy the bonds at ninety cents and sell sufficient of them to her at 102.287 per cent to make up the sum the Company paid for the bonds and take the note of Mrs. Cross for the amount paid, drawing eight per cent. interest, and keep the $10,000 of bonds taken from the Railway Company. Delahunt testified that the Trust Company would not have had anything to do with the bonds except for Mrs. Cross' proposal to take the bonds and leave the Trust Company with the $10,000 of bonds. The only money that changed hands was the deposit of the amount of the note to the credit of the Railway Company. As was said in *Ferguson v. Sutphen,* 8 Ill. 547 (567): "The law looks at the nature and substance of a transaction, and not to the color or form which the parties in their ingenuity have given it. No imaginable act or contrivance to cover up or conceal the usury will avail the parties. They will not be permitted successfully to evade the provisions of the statute by any conceivable scheme or expedient. The courts will follow them through all their

shifts and devices, and ascertain the true character and design of the transaction. And if upon such investigation it appears that there was in substance a loan at an illegal rate of interest, no matter what form or shape the contract has been made to assume, it will be declared usurious, and the proper remedy applied.''

''The form of the agreement is immaterial, since any shift or device by which illegal interest is arranged to be received or paid is usurious.'' *Kreibohm v. Yancey*, 154 Mo. 67. The transaction as shown by the undisputed facts was a shift or device to evade the law against usury. The note was usurious under the law of the State where it was made and was payable, and being usurious in Missouri must be held to be usurious in Illinois. *Sherman v. Gassett*, 9 Ill. 521.

The law of the forum governs as to the mode and extent of the remedy. *Burchard v. Dunbar, supra; McCoy v. Griswold*, 114 Ill. App. 556. The statute of this State provides that where a contract is usurious only the principal sum shall be recoverable. It is also the rule in this State that where a note is usurious all payments made on interest on the note will be applied on the principal. *Woolley v. Alexander*, 99 Ill. 188; *Cobe v. Guyer*, 237 Ill. 568. The trial court correctly applied the value of the usurious bonus and the payments made on the interest in reduction of the principal of the note. There is no error in the case and the decree is affirmed.

*Affirmed.*