TIMOTHY WOOD *et al.*, Appellants, *v.* ORLANDO CHILD *et al.*, Appellees.

APPEAL FROM ROCK ISLAND.

The law of 1857, which authorizes the issuing of injunctions to stay proceedings upon judgments by confession under warrants of attorney, upon demands not due at the time the judgments may be entered, was within the power of the legislature, and may apply to antecedent judgments or contracts.
The law of the remedy is no part of the contract.
If debts already due, as well as those not due, are included in the same judgment, they will alike fall under the effects of the injunction.

THIS is an action commenced on the chancery side of the Rock Island Circuit Court, by Timothy Wood and J. G. Salisbury, against Orlando Child and Ezra M. Beardsley, to obtain an injunction against the above named respondents. The complainants presented their bill to the judge of the court below in July, 1857, at chambers, and a preliminary hearing was granted, when the said judge ordered that a writ of injunction issue, according to the prayer in the bill. Said writ was duly issued, returnable to the September term thereof.

The complainants in the court below, in their bill of complaint, set forth substantially that, in October, A. D. 1856, they, the said complainants, executed and delivered to one of the respondents (Child) five promissory notes; that said notes were given for sums of money varying in amount from $480 to $700, and that said notes were made payable as follows, to wit: One on the 19th day of February, 1857; one on the 19th day of February, 1858; one on the 19th day of February, 1859; one on the 19th day of February, 1860; one on the 19th day of February, 1861.

The bill further sets forth that they, the said complainants, at the same time and place, executed and delivered to the said respondent (Child), with the said notes, five several warrants of attorney. The part of said warrants applicable to this case is as follows, to wit:

Now, therefore, in consideration of the premises, and of the sum of one dollar to me in hand paid, the receipt whereof is hereby acknowledged, I do hereby make, constitute and appoint Orlando Child, or any attorney of any court of record, to be my true and lawful attorney, irrevocably, for me, and in my name and stead, to enter my appearance before any justice of the peace, or in any court of record, in any of the States or Territories of the United States, or elsewhere, either in term time or in vacation, at any time from and after the date hereof, at the option of the said Orlando Child, to waive service of

process and confess a judgment in favor of the said Orlando Child, or his assignees or legal representatives, upon the said notes, for the above sums, or for as much as appears to be due according· to the tenor and effect of said notes, with interest thereon at the rate aforesaid, and fifteen dollars, attorneys' fees.

The bill further sets forth that, on the 4th day of April, 1857, judgment was caused to be entered on the five several notes in the sum of two thousand nine hundred and seventy-five dollars and four cents, which said sum included the several sums named in the several notes, and fifteen dollars on each of them for attorneys' fees.

The bill further sets forth that, on the 29th day of June, 1857, execution was issued from the office of the clerk of said court upon the said judgment, and that the said execution was duly delivered to the sheriff of said county, Ezra M. Beardsley, one of the respondents in this case, and that said sheriff was about to make a levy upon the property of one of these complainants to satisfy the same.

At September term, a motion was made by the respondents to dissolve the injunction and dismiss the bill. A demurrer was also filed, setting up that the facts set forth in the bill were insufficient to entitle the complainants to an injunction.

At the next ensuing term, on the 26th of December, the court, DRURY, Judge, presiding, ordered a decree to be made in favor of said respondents, and against said complainants, to dissolve said injunction and dismiss the bill, which decree was accordingly made ; and from which final decree the said complainants appealed to the Supreme Court.

GRAHAM & WEBSTER, for Appellants.

WILKINSON & PLEASANTS, for Appellees.

CATON, C. J. The complainants, in their bill, set forth substantially that, in October, 1856, they executed and delivered to one of the respondents (Child) five promissory notes ; that said ‚ notes were given for sums of money varying in amount from $480 to $700, and that said notes were made payable as follows, to wit:

One on the 19th day of February, 1857 ; one on the 19th day of February, 1858 ; one on the 19th day of February, 1859 ; one the 19th day of February, 1860 ; one on the 19th day of February, 1861.

The bill further sets forth that the complainants, at the same time and place, executed and delivered to the respondent, Child, five several warrants of attorney, varying only to correspond

with the several sums of money named in the notes, and the times when they were severally made payable. The parts of said warrants applicable to this case are as follows, to wit:

Now, therefore, in consideration of the premises, and of the sum of one dollar to me in hand paid, the receipt whereof is hereby acknowledged, I do hereby make, constitute and appoint Orlando Child, or any attorney of any court of record, to be my true and lawful attorney, irrevocably, for me, and in my name and stead, to enter my appearance before any justice of the peace, or in any court of record in any of the States or Territories of the United States or elsewhere, either in term time or in vacation, at any time from and after the date hereof, at the option of the said Orlando Child, to waive service of process and confess a judgment in favor of the said Orlando Child, or his assignees or legal representatives, upon the said notes, for the above sums, or for as much as appears to be due according to the tenor and effect of said notes, with interest thereon at the rate aforesaid, and fifteen dollars, attorneys' fees.

The bill further sets forth that, on the 4th day of April, 1857, judgment was caused to be entered on the five several notes, in the sum of two thousand nine hundred and seventy-five dollars and four cents, which sum included the several sums named in the several notes, and fifteen dollars on each of them for attorneys' fees. Upon this judgment an execution was issued on the 29th June, 1857. This bill was filed to restrain the levy of this execution till the time when the money becomes due by the tenor of the notes.

A preliminary injunction was granted at chambers, and at the next term of the Circuit Court, a demurrer was filed to the bill, upon the hearing of which, the court dissolved the injunction and dismissed the bill. This decree is assigned for error.

This case is precisely within the terms of the fourth section of the law of the 18th of February, 1857, which is as follows: " Whenever any execution shall issue upon any judgment obtained by confession or warrant of attorney, upon any demand which shall not be due at the time of the entering of such judgments, any defendant or defendants may stay proceedings by injunction issued out of the Circuit Court of the county to which such execution shall have been directed, until said demand shall have become due: *Provided*, that the party seeking such injunction shall give bond as now required by law in cases of injunction." The only objection to the applicability of this statute to this case, is the want of power in the legislature, to make such a provision applicable to antecedent judgments, or contracts previously entered into. Of the existence of such a power we cannot for a moment doubt. It in no wise affects the

validity or obligatory force of the contract, but applies solely to the remedy. The law of the remedy is no part of the contract. The argument urged against the existence of the power here exercised, would deprive the legislature of the right to change the terms of the court, so as to delay the party in obtaining a judgment. The legislature must possess the power of prescribing the mode by which the rights of parties shall be enforced in the courts of the State. They would even have the power to declare that no judgments should be entered by confession, except by the defendant in person, in open court, or they may say that judgments may be entered by confession in all courts in the State in vacation. In this case, however, least of all, is there any stretch of legislative power. They have merely said that the party shall not be compelled to pay the money till the time expires by which it becomes due, by the terms of the contract between the parties ; and we are very far from admitting, that the Court of Chancery would not have the power to do the same thing without this law, but it is unnecessary to examine that question, for the provisions of this statute have removed any doubt, if any could have existed before. It is true that in this case the notes upon which the judgment was entered fall due at different times, and one was actually due at the time the judgment was confessed ; but as the court cannot issue executions by piece meal, the whole must be stayed till the last note falls due. It was the folly of the plaintiff to unite in one judgment, claims already due or those maturing at shorter periods, with those of longer date, and we see no way to help him to collect any until the last is due. In the meantime he must console himself with the fact that his money will be secured by the lien of his judgment and an additional bond, and that his judgment will be drawing interest.

The decree must be reversed and the suit remanded, with instructions to the Circuit Court to enter an injunction and take a bond in conformity to this opinion.

*Decree reversed.*