## 881. ATLANTA & WEST POINT RAILROAD CO. *v.* BROOME.

1. Where a petition as originally filed has the fault of duplicity, in that it sets up in one count allegations suitable to an action against the carrier receiving the goods "as in good order," and also to an action against it upon a common-law liability for the loss of the goods, and a special demurrer calls attention to this dereliction, the plaintiff may save his suit from dismissal, by filing an amendment showing his election to proceed upon only one of the theories.

2. A contract of carriage, though made in another State, is not necessarily governed by the laws of that State in matters of construction and effect, where the contract is to be partly performed in this State. This is especially true as to requirements which are to be wholly performed in this State.

   (*a*) Contracts contrary to the policy of our laws, though valid at the place where made, will not be enforced by the courts of this State. Especially is this true where the conflict as to the validity of such contracts arises, not because of any statute of the State where the contract is made, but because the courts of that State differ with the courts of this State as to a principle of the common law.

   (*b*) At common law, common carriers could not contract against their own negligence; and in this State such contracts are held to be contrary to public policy.

3. In order for a carrier to avail himself of an exception under a special contract, to avoid liability for loss or damage to a shipment of goods, he must show that the loss or damage came within the exception, and that his own negligence did not contribute to it.

   (*a*) The foregoing is a rule of evidence.

41

(*b*) As to all matters affecting the remedy, including the evidence, and therefore the burden of proof, the laws of the forum govern, even as to suits on contracts made in other States.

4. Where goods pass over the lines of several connecting carriers and arrive at destination damaged, in the absence of proof showing that the damage occurred on some other line, there is a presumption that it was done by the last carrier.

5. The evidence authorized the verdict.

Action for damages, from city court of LaGrange—Judge Harwell. November 11, 1907.

Argued February 4,—Decided February 14, 1908.

*Dorsey, Brewster, Howell & Heyman, A. H. Thompson,* for plaintiff in error. *E. T. Moon,* contra.

POWELL, J. 1. Broome sued the railway company for shortages in several shipments of coal. The original petition, which was in one count, contained the allegations necessary to hold the carrier under the statute making the last connecting carrier that receives the shipment "as in good order" liable for the damages, and also the allegations necessary to hold it on the theory of a common-law liability for a loss of the goods while in its possession; indeed the pleader expressly declared the defendant to be liable both by the statute and the common law. Upon special demurrer being filed, the plaintiff, by an amendment, declared that "the coal alleged to have been lost or stolen was delivered to the defendant, and was lost or stolen while in transit over defendant's road, and not while in the possession of any other road over which it was shipped." As the Supreme Court said in the case of *Central Ry. Co.* v. *Banks,* 128 *Ga.* 785, "A petition containing allegations appropriate to an action seeking to enforce a liability against a railway company as a carrier of freight under the statute, as well as allegations appropriate to an action seeking to enforce against the company a common-law liability, and which are sufficient to set forth a complete cause of action under either the statute or the common law, is bad for duplicity, and, upon special demurrer attacking the petition upon that ground, the plaintiff would be put to his election." By the amendment set out above, the plaintiff elected to proceed upon the common-law liability; for the allegations of the amendment are inconsistent with an action under the statute. Upon this election being made, the court did not err in overruling the demurrer.

2. The shipments of coal were made partly from Tennessee and partly from Alabama. The defendant pleaded, that the parties had made contracts, valid under the laws of those States, whereby it was agreed that none of the carriers handling the goods were to be liable for loss if they were shipped in open cars; also that under the laws of those States, upon the production of such a contract, the burden was upon the plaintiff to show the carrier's negligence. So far as the defendant is concerned, its contract was to be performed in this State. "A contract of carriage, though made in a foreign State, is not necessarily governed in matters of construction and effect by the laws of that State, where the contract is to be partly performed in this State. This is especially true as to requirements to be performed wholly in this State." *Carter* v. *So. Ry. Co.*, 2 *Ga. App.* 254 (59 S. E. 209). Even if we could agree with counsel for the plaintiff in error that under the laws of Tennessee and Alabama common carriers may contract against their own negligence, the courts of Georgia would not enforce such contracts, for the reason that the public policy of this State would thereby be violated. Contracts which contravene the policy of our law, though valid at the place where made, will not be enforced by the courts of this State. Civil Code, § 3655; *Eubanks* v. *Banks*, 34 *Ga.* 408, 414; *Benton* v. *Singleton*, 114 *Ga.* 548, 556. Especially is this true where the conflict arises not by reason of a statute of the sister State, but by reason of the fact that the courts of that State have construed the common law differently from what our courts have construed it to be. *Pattillo* v. *Alexander*, 105 *Ga.* 482; *Akers* v. *Jefferson Bank*, 120 *Ga.* 1066. At common law carriers could not contract against their own negligence. *Berry* v. *Cooper*, 28 *Ga.* 543. In this State such contracts are held to be contrary to public policy. *So. Ex. Co.* v. *Purcell*, 37 *Ga.* 103, 111; *Atlantic Coast Line R. Co.* v. *Goodwin*, 1 *Ga. App.* 351 (2).

3. In order for a carrier to avail himself of an exception under a special contract, he must show that the loss comes within the exception, and that his own negligence did not contribute thereto. Civil Code, § 2265; *So. Ry. Co.* v. *Montag*, 1 *Ga. App.* 649, and cit. This is a rule of evidence. As to all matters affecting the remedy, including the evidence, and therefore the burden of proof, the laws of the forum govern, even as to suits on contracts made

or torts committed in other States. *Richmond & D. R. Co.* v. *Mitchell,* 92 *Ga.* 77, 80; *Massachusetts Life Asso.* v. *Robinson,* 104 *Ga.* 256 (8), 286. The rule announced by the Supreme Court of Tennessee in the case of Nashville, C. & St. L. R. Co. *v.* Stone, 79 S. W. 1031, that "when a shipment by a common carrier is under a limited liability contract, and a loss falls within one of the excepted classes, the burden is on the shipper to show negligence," being contrary to the rule in this State, is therefore of no applicability.

4. Where the shipment reaches destination and is there found short or damaged, in the absence of evidence showing that all or some part of the loss occurred on some other line, there is a presumption that the shortage or damage arose while the shipment was in the possession of the last carrier. *C., N. & T. P. R. Co.* v. *Pless,* 3 *Ga. App.* 400 (60 S. E.); *Ohlen* v. *A. & W. P. R. Co.,* 2 *Ga. App.* 323 (58 S. E. 511).

5. In the case at bar, the plaintiff showed, that he delivered the cars of coal to the initial carrier, that the defendant carrier received these cars, collected the freight for the full amount shipped, and effectuated delivery to the consignee, but that when delivered the coal was short to the amount sued for. Contracts limiting the liability of each carrier to losses occurring on its own line, and purporting to exempt every carrier from all loss if the goods were shipped in open cars, were in evidence. The defendant made no further showing. The plaintiff was entitled to recover.                           *Judgment affirmed.*