**Reid, Murdoch & Company, Defendant in Error, v. The Northern Lumber Company, Plaintiff in Error.**

### Gen. No. 14,310.

1. CONTRACTS—*what law governs construction of.* The law of the place where a contract is made governs the same as to its validity and construction.

2. CONTRACTS—*what law governs remedy upon.* It is the law of the forum which governs the remedy invoked in aid of a contract, the construction of which is to be determined by the law of the state of making.

3. CONTRACTS—*when party for whose benefit made, may enforce.* A creditor may recover in this state his debt of a third person who has promised the debtor upon a valid consideration to pay the same.

4. STATUTORY LAW—*how of sister state determined.* Where a

372    APPELLATE COURTS OF ILLINOIS.

Reid, Murdoch & Co. v. The Northern Lumber Co., 146 App. 371.

statute of another state is before the court, the court will look to the reports of the decisions of that state in order to construe it.

5.   STATUTE OF FRAUDS—*what not promise to answer for debt of another*.   A promise by a third party to a debtor based upon a valid consideration to pay the creditor is not within the Statute of Frauds according either to the law of Michigan or that of Illinois.

6.   COMITY—*presumption as to law of sister state*.   The presumption, in the absence of proof, is that the laws of a sister state do not differ from those of our own.

7.   JUDICIAL NOTICE—*limit of statute requiring Municipal Court to take judicial notice of "all laws of a public nature enacted by any state or territory of the United States."*   The Appellate Court in determining a cause by inspection of a record filed in a writ of error proceeding sued out to review a judgment of the Municipal Court will not, notwithstanding the above statute, go outside of the record and in violation of the presumption that the laws of a sister state are the same as the laws of our own, say that enacted laws of such sister state or the common law thereof differs from that of Illinois.

Attachment.   Error to the Municipal Court of Chicago; the Hon. CHARLES N. GOODNOW, Judge, presiding.   Heard in the Branch Appellate Court at the March term, 1908.   Affirmed.   Opinion filed January 26, 1909.   Rehearing denied February 11, 1909.

COLSON & JOHNSON, for defendant in error.

BERTRAND LICHTENBERGER, for plaintiff in error.

MR. PRESIDING JUSTICE SMITH delivered the opinion of the court.

Defendant in error, Reid, Murdoch & Company, a corporation, brought suit in attachment in the Municipal Court of Chicago against the plaintiff in error, The Northern Lumber Company, a corporation organized under the laws of the State of Michigan, to recover the sum of $809.90 on an open account for goods sold and delivered and upon an assumption of an account against one W. J. Ross.   The plaintiff had judgment for $809.90 and costs of suit, and this writ is prosecuted to reverse the judgment.

The evidence in the record tends to show that in the fall of the year 1905, the plaintiff in error was engaged in manufacturing lumber at Birch, Michigan,

and made a contract with one W. J. Ross to cut and deliver at the mill of plaintiff in error at Birch some five million feet of logs. Ross entered upon the performance of his contract and continued to work under it until the following spring. From time to time the plaintiff in error paid to Ross and advanced him money on the contract.

In the winter of 1905 and 1906 Ross, it is claimed, represented to plaintiff in error that he had upwards of four million feet of logs cut and on skidways ready for delivery to its mill, and plaintiff in error paid him accordingly. When the scalers measured up the logs in the spring of 1906, it was found that Ross had less than two million, nine hundred feet of logs, and that he had been paid on his false representations as to the amount of logs cut, about $5000 more than he was entitled to receive. Upon discovering this Ross abandoned his contract.

Negotiations for an adjustment were had between plaintiff in error and Ross. The latter had given two chattel mortgages on his lumbering outfit to a bank at St. Ignace to secure payment of $1,300. A settlement was had about May 1, 1906, by which Ross turned over his lumbering outfit to plaintiff in error which paid the bank $750 in full settlement of the mortgages and allowed Ross $1,700, including the amount paid the bank in full for his outfit, and was given credit for that amount on the books of plaintiff in error.

At the time of the settlement Ross owed defendant in error for groceries and supplies sold and delivered to him at Birch from November, 1905, to February, 1906, $428.29, and as a part of the settlement it is claimed that plaintiff in error orally agreed with Ross that it would pay to defendant in error this debt. This promise is denied by plaintiff in error. As to the item of $381.61 for goods sold and delivered by the defendant in error to plaintiff in error, it was admitted on

the trial that plaintiff in error owed that amount to defendant in error.

Defendant in error was not present or represented at the settlement made. The agreement on the part of plaintiff in error to pay the $428.29, the indebtedness of Ross to defendant in error at the settlement between Ross and plaintiff in error, was proven by the testimony of Hoffman and of Ross. McKnight, secretary and treasurer of plaintiff in error, denied in his testimony that such an agreement was made. In our opinion the evidence supports the finding and judgment of the lower court, and we cannot disturb the judgment on the merits.

It is, however, contended by plaintiff in error that assuming that said promise was made as alleged, it is a contract made in the State of Michigan and is to be construed by the laws of Michigan and that under the Michigan laws it is void and non-enforceable, under the statute of frauds of that state. It is too well settled to admit of question or discussion that the law of the place where a contract is made must govern the contract.

Section 54 of the Act creating the Municipal Court of Chicago provides that that court shall take judicial notice of ''all laws of a public nature enacted by any state or territory of the United States.'' No evidence was offered of the statutes or laws of Michigan. Assuming, however, that under that statute this court is required to take judicial notice of all laws of a public nature enacted by any state or territory of the United States in cases brought by writ of error or appeal to this court from the Municipal Court of Chicago, and that the statutes of Michigan are properly before us, we find that section 2, of the Michigan statute of frauds provides:

''In the following cases specified in this section, every agreement, contract and promise shall be void, unless such agreement, contract or promise, or some note or memorandum thereof be in writing, and signed

by the party to be charged therewith, or by some person by him hereunto lawfully authorized, that is to say:

1.   Every agreement that, by its terms, is not to be performed in one year from the making thereof:

2.   Every special promise to answer for the debt, default, or misdoings of another person.'' (Compiled Laws of Michigan Vol. 3, Chapter 258, p. 2907.)

When a statute of another State is before the court, the court will look to the reports of the decisions of that state construing it.   McDeed v. McDeed, 67 Ill. 545; Van Matre v. Sankey et al., 148 *id.* 536.

The question then is, whether the agreement in question is within the Michigan Statute of Frauds as construed by the Supreme Court of that state, and therefore void.

It will be observed that the contract here made was between plaintiff in error and Ross, and the promise was made to Ross to pay his debt to defendant in error, as a part of the adjustment and settlement between them.   The promise was not made to defendant in error.

In Green v. Brookins, 23 Mich. 47, the court say: ''The promise in this case, by Green, as alleged in the declaration, was not collateral; not an undertaking to Green in relation to the doings or misdoings of any third person.   It was a promise by Green to Brookins to find someone to take his place as member of the company and shareholder, and to save Brookins from expense and damage in consequence of his becoming shareholder, and giving the note pursuant to the agreement between the two.   It seems to be settled by authority that a promise of that description is not within the statute.

''A leading case on this subject is that of Eastwood v. Kenyon, 11 Add. & Ell. 438.   There the plaintiff was liable to one Blackburne, on a promissory note; and the defendant for a consideration promised the plaintiff to pay that note.   Lord Denman said: 'If

376 APPELLATE COURTS OF ILLINOIS.

Reid, Murdoch & Co. v. The Northern Lumber Co., 146 App. 371.

the promise had been made to Blackburne, doubtless the statute would have applied; it would then have been strictly a promise to answer for the debt of another; and the argument on the part of the defendant is that it is not less the debt of another because the promise is made to that other, viz.: the debtor, and not to the creditor, the statute not having in terms stated to whom the promise contemplated by it is to be made; but upon consideration we are of opinion that the statute applies only to promises made to the person to whom another is answerable'." Continuing the court then says that the above case has been followed in England and in this country, and cites the decisions of courts of last resort in several states where the same view has been recognized.

The above case is cited with approval on this point in Pratt v. Bates, 40 Mich. 37, 39, 40.

The Statute of Frauds of Michigan does not differ in legal effect from the statute of this state as to the question here involved. And our Supreme Court, in discussing this question in Wilson v. Bevans, 58 Ill. 232-234, said:

"The general rule is, that if the promise is in the nature of an original undertaking to pay a debt to a third party, and is founded on a valuable consideration received by the promissor himself, it is not within the provision of the statute, and need not be in writing to make it valid and binding,—it will be regarded in the light of a contract for the benefit of a third party upon which said third party may found an action for the breach. The authorities all seem to agree in holding that such promise is not within the Statute of Frauds, and need not necessarily be in writing to make it valid. Eddy v. Roberts, 17 Ill. 505." See also Wilson v. Bevans, 58 Ill. 232; Mayer v. Hartman, 72 id. 442; Borchsenius v. Canutson, 100 id. 82, 92; Thompson v. Dearborn, 107 id. 87-92.

These authorities are decisive of the contention of plaintiff in error. The contract was a valid contract

under the laws of Michigan, upon which defendant in error could found an action for the breach thereof.

The judgment of the Municipal Court of Chicago is just and must be affirmed.

*Affirmed.*

Afterwards, on consideration of the petition for rehearing in this case, the following additional opinion was filed:

PER CURIAM. In the petition of plaintiff in error for rehearing it is stated that two grounds were urged in its brief and argument for a' reversal of the judgment; first, because the promise alleged to have been made by plaintiff in error to Ross to pay the latter's debt to the defendant in error was within the Statute of Frauds; second that regardless of whether or not the said promise is within the Statute of Frauds, the said promise is void for the reason that there was a want of privity of contract between the plaintiff in error and the defendant in error, and there was no consideration moving from the defendant in error, which would support a recovery upon such a promise, and no recovery can be had thereon under the laws of Michigan.

The petition concedes that the first ground was disposed of in the opinion of this court, but it is urged that the court did not dispose of the second ground of defense, and that Pipp v. Reynolds, 20 Mich. 88; Turner v. McCarthy, 22 Mich. 265; and Halsted v. Francis, 31 Mich. 113, support the second ground of defense.

First. It is undoubtedly well settled that the law of the place where the contract is made must govern the contract as to its validity and construction. But the law of the remedy is no part of the contract. Wood v. Child, 20 Ill. 209. "When the question is settled that the contract of the parties is legal, and what is the true interpretation of the language employed by the parties in framing it, the *lex loci* ceases its functions,

and the *lex fori* steps in and determines the time, the mode and extent of the remedy." Burchard v. Dunbar, 82 Ill. 450.

It is not contended, and cannot be contended upon the facts shown in the record that the contract of settlement between plaintiff in error and Ross by which plaintiff in error agreed, in consideration of the sale and delivery to it by Ross of a certain amount of personal property, to pay certain indebtedness then owing by Ross, including his indebtedness to defendant in error, was not valid and legal as between the parties to it. There is no question as to the construction of the contract. The only question then is as to the remedy, and the law of Illinois determines that. In this state an action may be brought upon such an agreement by the beneficiary in his own name against the promisor, though such beneficiary was not one of the contracting parties. Bay v. Williams, 112 Ill. 91, 96; Dean v. Walker, 107 *id.* 540, 544; Snell v. Ives, 85 *id.* 279; Wilson v. Bevans, 58 *id.* 232, 234.

Second. The record does not show either by pleadings or proof that the laws of the State of Michigan differ from those of this state. Hence it must be presumed that the same rules prevail in Michigan as prevail in Illinois. Shannon v. Wolf, 173 Ill. 253, 260; Hakes v. Bank of Terre Haute, 164 *id.* 273, 275; Dearlove v. Edwards, 166 *id.* 619, 622; Gunning System v. La Pointe, 113 Ill. App. 405, 409, 410. True, Section 54 of the Act creating the Municipal Court of Chicago provides that the court thereby created shall take judicial notice of "All laws of a public nature enacted by any state or territory of the United States," but we are inspecting a record in a proceeding by writ of error, and we must know from the record what was made to appear to the trial court. We cannot go outside of the record as made, and in violation of the presumption above mentioned, say that the enacted laws of the State of Michigan or the common law of that state differs from the laws of Illinois, and there-

fore the record is erroneous. The laws of Michigan are not before us for this purpose. City of Chicago v. Oppenheim, 229 Ill. 313, 322.

The petition for rehearing is denied.

*Petition denied.*