S. D. McGuire, Plaintiff in Error, v. B. M. Winston et al., Defendants in Error.

## Gen. No. 15,356.

1. CONTRACTS—*what may be recovered upon unlawful rescission.* In case of a breach of a contract for services, service cannot be continued after such breach and the damages thereby increased but the person injured is entitled to recover as damages the difference between the contract price, the amount which he would have earned and been entitled to recover on performance, and the amount which it would have cost him to perform.

2. CONTRACTS—*what competent to aid construction.* If the language of an agreement is equivocal, obscure and uncertain parol evidence tending to show a practical construction by the parties of such agreement and of other similar agreements made between the parties is admissible.

3. EVIDENCE—*question calling for conclusion of law.* A question which calls for a conclusion of law, namely, as to what a contract meant, is improper and the answer thereto incompetent.

4. EVIDENCE—*when admission of incompetent will not reverse.* In a trial before the court without a jury it will be presumed that incompetent evidence admitted was not considered.

BAKER, J., dissenting.

Assumpsit. Error to the Municipal Court of Chicago; the Hon. FRANK CROWE, Judge, presiding. Heard in this court at the March term, 1909. Affirmed. Opinion filed October 20, 1910.

FLANNERY & McKINLEY, for plaintiff in error.

WINSTON, PAYNE, STRAWN & SHAW, for defendant in error; EDWARD W. EVERETT, of counsel.

MR. JUSTICE BAKER delivered the opinion of the court.

This writ of error brings before us for review a judgment for the defendant rendered by the Municipal Court in a cause tried by the court.

Plaintiff has for sixteen years sprinkled and cleaned the street in front of premises of defendants. In the spring of 1904 plaintiff furnished to defendants several copies of a printed form of agreement as follows:

"Chicago,........190....
............do hereby agree to pay D. McGuire Sprinkling and Teaming Co. the sum of........per......for Sprinkling and............the street in front of........premises, for the seasons of 1904–1905 commencing........and ending.........

Sig....................
No................"

Defendants filled out eight of said printed forms and signed and delivered them to plaintiff. This is one of the agreements so signed and delivered:

"Chicago, March 21, 1904.

I do hereby agree to pay D. McGuire Sprinkling and Teaming Co. the sum of $2.00 per mo. for sprinkling and ........the street in front of 421 Superior premises, for seasons of 1904–1905 commencing March 26 and ending Nov.

Sig.    Winston & Co.,
No. 421 Superior."

We regard the other seven agreements as in legal effect identical with the one above set forth, and will consider the case as though they were identical in terms except as to the premises mentioned.

The controverted question in the case is as to the interpretation of said agreement, plaintiff claiming that his term of service continued to November, 1905, and defendants that it did not extend beyond March 26, 1905. Early in March, 1905, defendants informed plaintiff that they had employed another company to clean and sprinkle the streets in front of their premises in 1905, and notified plaintiff that they

claimed that his term of service under their contracts with him had expired. If the term of plaintiff's service under the contracts continued to November, 1905, defendants' renunication of liability under them in March was a breach of the contracts. Plaintiff could not continue performance of the contracts after such breach to increase his damages, but was entitled to recover as damages the difference between the contract price, the amount which he would have earned and been entitled to recover on performance, and the amount which it would have cost him to perform the contracts. Devlin v. Mayor et al., 63 N. Y. 8, 25.

Plaintiff had contracts to sprinkle and clean the streets during the season of 1905 in front of other premises in the same blocks in which were the premises of defendants, and in order to perform such contracts was compelled to sprinkle and sweep the streets throughout each block, and did so from March to the end of November, 1905. If plaintiff's term of service under the contracts continued to November, 1905, he would have earned, if he had been permitted to perform the contracts up to that time, $215.01, at no increased cost to himself, because he was compelled, in order to perform his contracts with other persons, to do all that was required to fully perform his contracts with defendants. If, therefore, plaintiff's term of service, under the contracts with defendants, continued to November, 1905, he was, on the evidence, entitled to recover $215.01; and if his term of service did not extend beyond March 26, 1905, he was not entitled to recover.

In the opinion of the majority of the court, the language of the agreements is so equivocal, obscure and uncertain, that evidence tending to show a practical construction, by the parties, of said agreements, and of other similar agreements previously made between the parties, was admissible. By the agreement in question dated March 21, 1904, defendants agreed to pay plaintiff a specified sum per month for sprinkling the street in front of certain premises: "for seasons of 1904–1905, commencing March 26 and ending Nov." It is said that the language of the agreement is equivocal, obscure and uncertain because it is doubtful whether the words:

"commencing March 26 and ending Nov.," in the clause . above quoted, refer to and include the year 1905 or only the year 1904. The evidence which it is said shows a practical construction by the parties of the agreement under considera- tion, is evidence that in March of each year for sixteen years before 1904 similar agreements had been made by the parties; that such agreements were identical with the one in question, except as to the premises and the year; that in the agreements made in 1903 the years mentioned were 1903–1904; in those made in 1903 the years mentioned were 1902–1903, and so on back for sixteen years; that at the end of each year from the making of a set of agreements during that time, the plaintiff called on defendants and obtained a new set of agree- ments in which the years mentioned were the year the agree- ments were made and the next; that early in March, 1905, plaintiff met defendant Winston and asked him about, "the contract for the coming season," and Winston told him that he had closed a contract with another company; that plain- tiff, through his representatives, afterwards asked defendants to reconsider and sign and renew the contracts, which they refused to do.

In the opinion of the majority of the court the evidence shows such acts, prior and subsequent to the making of the agreements sued on, as amount to a practical construction by the parties of such agreements; that in view of such prac- tical construction of the agreements by the parties, the agree- ments sued on must be held to be agreements for only one year from March 26, 1904, and not to cover or include sprink- ling or sweeping after that date, and that therefore, on the evidence, the judgment was proper and should be affirmed.

Defendant Winston was asked by his counsel: "What is your understanding of the contracts here, dated March 21, 1904, as to whether they were for one or two years?" the ob- jection of the plaintiff was overruled and the witness an- swered: "My understanding was the same as it was for every year prior to the year 1904, 1905, that each one of these contracts were only one year." The question and an- swer were both improper. Packer v. Roberts, 140 Ill. 9, 14.

Plaintiff was asked by his counsel this question: "These contracts were for the seasons of 1904 and 1905, commencing March and ending in November?" and answered, "Yes."

We will assume that the trial judge disregarded the testimony of both parties as to their construction or understanding of a written agreement, and hold that the judgment should not be reversed for the error in admitting the testimony of defendant Winston.

*Affirmed.*

MR. JUSTICE BAKER, dissenting. The written agreement before us for construction was signed by defendants, delivered to and accepted by plaintiff, and acted on by both parties. This was sufficient to make the writing a binding obligation. I am unable to agree with the conclusion reached by the majority of the court, that the language of the writing is equivocal, obscure, or uncertain. By the writing defendants agreed to pay plaintiff a certain sum per month for sprinkling the streets in front of certain premises: "for seasons of 1904–1905, commencing March 26 and ending Nov." The words: "for seasons of 1904–1905," taken in connection with the preceding words of the writing, clearly constitute an employment of the plaintiff for two seasons; the season of 1904 and the season of 1905. The words: "commencing March 26 and ending Nov." refer to the preceding words in the same sentence: "for the seasons of 1904-1905," and fix and prescribe the limits and duration of the "season," of the term of plaintiff's employment, in each year. This construction gives effect to every word of the writing and requires no word or phrase to be supplied or understood. If the words: "in each year" be added at the end of the writing, its meaning would not thereby be varied or affected, because the meaning expressed in the words used, is that the "season" in each year during which plaintiff was to sprinkle the streets was a "season," "beginning March 26 and ending Nov."

I think that the judgment should be reversed and judgment entered here for the plaintiff for $215.01 damages and costs.