## George J. Cooke Company, Appellee, v. Richard Hochmuth, Appellant.

### Gen. No. 20,901.    (Not to be reported in full.)

Appeal from the Municipal Court of Chicago; the Hon. JOHN J. SULLIVAN, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1914. Affirmed. Opinion filed October 5, 1915.

### Statement of the Case.

Action by George J. Cooke Company, a corporation, plaintiff, against Richard Hochmuth, defendant, in the Municipal Court of Chicago, to recover on a written contract, whereby defendant agreed to purchase of plaintiff 2,000 barrels of beer, to be ordered and delivered in quantities of not less than 15 nor more than 40 barrels each week during a term of two years. From a judgment for plaintiff, defendant appeals.

CHARLES F. VOGEL, for appellant.

HARRY A. DAUGHERTY, for appellee.

MR. PRESIDING JUSTICE GRIDLEY delivered the opinion of the court.

## Abstract of the Decision.

1. DAMAGES, § 56*—*what measure for breach of contract*. In an action to recover for failure to purchase and accept deliveries of beer under a written contract, where the contract showed that the beer was to be manufactured and delivered after the date of the contract, *held* that the measure of plaintiff's damages was the difference between the cost per barrel of manufacture and the contract price.

2. WITNESSES, § 21*—*when witness qualified*. In an action where the measure of damages was the difference between the cost per barrel of manufacturing certain beer and the contract price therefor, and where plaintiff corporation's president testified from personal knowledge as to such cost, a motion to strike out such testimony *held* not erroneously denied, although witness had refreshed his memory as to the figures to which he testified by looking at the books of plaintiff corporation, which he knew to be correct, for the reason that the objection to the testimony went to the source and extent of witness' knowledge, and was not put on the ground that the books were the best evidence.

3. CONTRACTS, § 384*—*what evidence insufficient to show excuse for breach of contract*. In an action to recover for the refusal to purchase and accept deliveries of beer under a written contract, evidence *held* insufficient to show that the beer was of unmerchantable quality, it appearing from the evidence that defendant's reason for refusing performance of the contract was that he had sold out his saloon, and it also appearing from defendant's testimony that he was satisfied with the beer both as to price and quality.