WALTON SCHOOL OF COMMERCE *v.* STROUD.

1. Contracts—Breach—Foreign Contracts—Remedy.

In action in this State on foreign contract, remedy available to plaintiff is the remedy afforded by the laws of Michigan.

2. Same—Validity and Construction of Contract Controlled by Situs, Remedy Controlled by Laws of State of Forum.

The validity and construction of a contract are controlled and to be determined by the laws of the *situs* or place where the contract was entered into, while the remedy for enforcing a foreign contract is regulated by the laws of the forum or country where such remedy is pursued.

3. Same—Remedy for Breach of Executory Foreign Contract is Damages Arising from Breach.

In action on contract for correspondence course of instruction accepted in Illinois, where defendant renounced contract and refused to perform, plaintiff is not entitled to recover contract price, but, contract being executory, recovery is limited to damages arising from its breach, and, in absence of proof of such damages, no recovery may be had.

4. Same—Measure of Damages for Breach of Executory Contract.

In action for breach of executory contract, measure of damages is difference between contract price and what it would have cost plaintiff to perform.

5. Evidence—Judicial Notice May be Taken of Common Law and Statutes of Foreign States.

In action on Illinois contract, court is not bound by testimony alone, but may take judicial notice of common law of said State as well as of its statute law (3 Comp. Laws 1915, §§ 12512, 12513, 12515).

Wiest, J., dissenting.

Error to Wayne; Webster (Clyde I.), J. Submitted April 9, 1929. (Docket No. 93, Calendar No. 34,081.) Decided October 7, 1929.

Assumpsit by Walton School of Commerce against Clifton Stroud on a correspondence school contract. From judgment for defendant, plaintiff brings error. Affirmed.

*Wynn & Zinn,* for plaintiff.

*Wade Millis* (*Victor H. Wehmeier,* of counsel), for defendant.

POTTER, J.  Plaintiff, an Illinois corporation, sued defendant in assumpsit in justice's court; there was judgment for plaintiff and defendant appealed.  In the circuit court there was judgment for defendant and plaintiff brings error.

Defendant subscribed for three courses of instruction with plaintiff.  The enrollment contracts, when accepted by plaintiff in Chicago, constituted the contract between the parties.  Defendant, before suit was brought, had stopped performance by plaintiff by his own refusal to perform, and plaintiff thereupon sued defendant.

The remedy available to plaintiff is the remedy afforded by the laws of Michigan.

"The *lex fori* governs in determining the mode of trial, including the form of pleading and the mode of redress."  13 C. J. p. 259, 260.

"No man can sue in the courts of any country, whatever his rights may be, unless in conformity with the rules prescribed by the laws of that country."  *Dixon's Executors* v. *Ramsay's Executors,* 3 Cranch (7 U. S.), 319.

"The validity and construction of a contract are controlled and to be determined by the laws of the *situs* or place where the contract was entered into, while the remedy for enforcing a foreign contract is regulated by the laws of the forum or country where such remedy is pursued."  *Millar* v. *Hilton,* 189 Mich. 635.

"Among the matters which have been held to pertain to the remedy, and consequently to be governed by the *lex fori,* are the mode of procedure, nature and form of action."  5 R. C. L. p. 1043.

In *Wigent* v. *Marrs,* 130 Mich. 609, defendant's intestate ordered a monument erected upon her lot. Later defendant unqualifiedly renounced the contract before the monument was completed, and forbade its erection. The court held she had a right to do this, and thereafter plaintiff's right of recovery was limited to damages for breach of the contract.

In *International Textbook Co.* v. *Schulte,* 151 Mich. 149, plaintiff, a Pennsylvania corporation, contracted with defendant substantially as in this case. Defendant defaulted on the contract and plaintiff sued to recover the balance of the contract price. There was no evidence of any breach of contract by plaintiff or of any waiver of defendant's undertaking to perform. It is said:

"It would be presumed that plaintiff would be put to some expense in performing the contract. * * * Defendant having repudiated and refused to receive whatever was to be furnished to him, plaintiff is relieved from some of this expense. The facts are especially within its knowledge. It did not supply the evidence necessary to the fixing of its damages."

In *International Text-Book Co.* v. *Jones,* 166 Mich. 86, a substantially similar contract was involved, and plaintiff, a Pennsylvania corporation, instituted suit in the courts of this State. It is said:

"The plaintiff unequivocally renounces any claim that this action is based on a breach of the contract by defendant. He rests it on the claim that the contract contained an unqualified promise to pay certain installments at stated times, that it had performed its contract, so far as it was possible to do so, being prevented by defendant's failure to forward his work done, and that, the time having elapsed within which all of the payments were to become due, the

defendant is liable upon his promise, leaving plaintiff to perform its contract, which it is willing to do.

"It is the rule in this State that a party to an executory contract may always stop performance by the other party by an explicit direction or renunciation of the contract, and refusal to perform further on his part, and that he is thereafter liable only upon the breach of the contract.

"The contract price is recoverable only upon the theory of performance, never upon the theory of inability to perform. That the contract was not performed fully by plaintiff is obvious, as we said in *International Textbook Co.* v. *Schulte,* 151 Mich. 151. The case of *Wigent* v. *Marrs,* 130 Mich. 609, completely covers this case."

Plaintiff contracted with defendant with full knowledge of defendant's rights, which it must be presumed to know. It knew defendant had a right to renounce the contract and refuse to perform further, and that he thereafter was liable only for damages for breach of contract. Plaintiff made no proof of any damages arising from breach of contract. It proved the contract and introduced a certified copy of the unreported opinion of the Illinois appellate court in *International Accountants Soc.* v. *Maxwell,* 236 Ill. App. 627.

In the *Maxwell Case* defendant subscribed for the course. Her subscription was accepted. She gave a promissory note in payment therefor. She thereafter refused to complete the course. Suit was brought upon the note. She defended on the ground of want of consideration. The court held that she could not prove her own default to show want of consideration for the note. Here no promissory note is involved. Suit may not in this case be brought on the contracts. By the law of this State, the only action which, under the circumstances, may be maintained by plaintiff is an action for damages for

breach of contract. The form of action is governed by the law of the forum. *Galloway* v. *Holmes,* 1 Doug. 330; *Moses* v. *Steamship Missouri,* 1 Mich. 572; *Millar* v. *Hilton,* 189 Mich. 635; 5 R. C. L. p. 1040; *Blanchard* v. *Russell,* 13 Mass. 1.

"The general principle adopted by civilized nations is, that the nature, validity and interpretation of contracts, are to be governed by the laws of the country where the contracts are made, or are to be performed. But the remedies are to be governed by the laws of the country where the suit is brought; or, as it is compendiously expressed, by the *lex fori.*" *Bank of the United States* v. *Donnally,* 8 Pet. (33 U. S.) 361.

By comity, citizens of Illinois may sue in the courts of Michigan, but the law of Illinois has no extraterritorial force. The courts of this State may not be used to prosecute to effect a cause of action in a manner contrary to the laws of Michigan. A foreign citizen cannot avail himself in the courts of this State of remedies which are denied to our own citizens.

Plaintiff has a complete and adequate remedy by suit for breach of the executory contract, and under the law of Illinois the measure of damages for the breach of an executory contract is the same as in Michigan. *Hayes* v. *Wagner,* 220 Ill. 256 (77 N. E. 211); *George J. Cooke Co.* v. *Hell,* 175 Ill. App. 532; *McGuire* v. *Winston,* 157 Ill. App. 222; *George J. Cooke Co.* v. *Hochmuth,* 194 Ill. App. 626; *Devlin* v. *Mayor,* 63 N. Y. 8. It aims at compensation of the injured party—to make him whole. It is the difference between the contract price of the course and what it would have cost plaintiff to give it. *International Textbook Co.* v. *Schulte, supra.*

*McGuire* v. *Winston, supra,* expressly approved *Devlin* v. *Mayor, supra,* where it is said:

"The party who has been wrongfully deprived of the gains and profits of an executory contract may recover as an equivalent, and by way of damages, the difference between the contract-price, the amount which he would have earned and been entitled to recover on performance, and the amount which it would have cost him to perform the contract.

"Where, without fault on his part, one party to a contract who is willing to perform it is, by the other party, prevented from doing so, the primary measure of damages is the amount of his loss, or, as it has been otherwise expressed, the value of his contract which may consist of two distinct items, the one being the party's reasonable outlay or expenditure toward performance, and the other the anticipated profits which would have been derived from performance." 17 C. J. p. 855.

This court is not bound by the testimony alone. It may take judicial notice of the common law of the State of Illinois as well as of its statute law. 3 Comp. Laws 1915, §§ 12512, 12513, 12515.

Plaintiff having no right to maintain any other action against defendant than for breach of contract, and having adduced no proof of any damages resulting from such breach, none may be awarded. Judgment affirmed, with costs.

NORTH, C. J., and FEAD, CLARK, McDONALD, and SHARPE, JJ., concurred with POTTER, J.

WIEST, J. *(dissenting)*. Defendant signed applications for three correspondence courses offered by the Walton School of Commerce, an Illinois corporation, sent the applications to plaintiff at Chicago, where they were accepted in due form by the assistant secretary of the school, and defendant so advised. Defendant received and paid for one course of instruction, was tendered and refused to

accept and pay for the other two courses. This suit was brought upon the contracts to recover the agreed price for the two courses refused. The facts are not in dispute. In the circuit the trial was by the court, and judgment was entered for defendant upon the following conclusion of law:

"That the above-named plaintiff cannot recover judgment for the tuition for the two courses of instruction which were not taken by the defendant, since it has failed to prove that it has suffered any actual damage by the defendant's failure to perform according to the terms of the contract."

The court held that the contract was executory, could be terminated by defendant, subject, however, to liability for damages, and held plaintiff to the measure and proof of damages under the Michigan rule. Plaintiff reviews by writ of error, claims the contract was an Illinois contract, and the liability of defendant is to be governed in the Michigan forum by the rule adjudged in Illinois. The contract was an Illinois contract. *Dudley A. Tyng & Co.* v. *Converse,* 180 Mich. 195; *Schantz* v. *Mott,* 242 Mich. 642. In Chicago, upon acceptance of the applications, the minds of the parties met, and the contract fixed rights and liability under Illinois law.

Plaintiff invokes the *lex loci* upon the nature and extent of defendant's liability under the contract as held in *International Accountants Soc.* v. *Maxwell,* 236 Ill. App. 627, and defendant relies upon the *lex fori* as applied by the circuit judge and announced in *Wigent* v. *Marrs,* 130 Mich. 609; *International Textbook Co.* v. *Schulte,* 151 Mich. 149; *International Text-Book Co.* v. *Jones,* 166 Mich. 86; *International Text-Book Co.* v. *Marvin,* 166 Mich. 660. If the *lex fori* governs, the judgment should be affirmed, and if the *lex loci* governs, the judgment should be reversed.

It will be observed, from what we have said, that we must give consideration to the doctrine of comity in its relation to conflict of laws. The rule is well settled that a substantive right, growing out of contract, or inhering in it or attaching to it, is governed by the law of the contract. The remedy, however, is governed by the *lex fori.* The term "remedy" has a well-defined legal significance. There must be kept in mind the distinction between remedial procedure, governed by the law of the forum, and matter of substance, involving rights, and, therefore, governed by the law of the contract.

In *Pritchard* v. *Norton,* 106 U. S. 124 (1 Sup. Ct. 102), it was said:

"The principle is, that whatever relates merely to the remedy and constitutes part of the procedure is determined by the law of the forum, * * * but whatever goes to substance of the obligation and affects the rights of the parties, as growing out of the contract itself, or inhering in it or attaching to it, is governed by the law of the contract."

The obligation of the defendant, under the contracts, was to perform his promises and undertakings contained therein, with liability for nonperformance thereof under the law of the contract. The *cause* of action is a substantive right. The *remedy,* in the *lex fori,* is the procedure for obtaining relief. Defendant's nonperformance gave plaintiff a cause of action, and the rule of comity permitted plaintiff to have relief in the courts of this State.

In *Cockburn* v. *Kinsley,* 25 Colo. App. 89, 97 (135 Pac. 1112), it was said:

"In 9 Current Law, 596, it is stated that, 'All matters bearing upon the execution, interpretation, and validity of a contract, and measure of damages

for breach thereof, are determined by the law of the place where the contract is made.' ''

In *Central Vermont R. Co.* v. *White,* 238 U. S. 507 (35 Sup. Ct. 865, Ann. Cas. 1916 B, 252), it was said:

"There can, of course, be no doubt of the general principle that matters respecting the remedy—such as the form of the action, sufficiency of the pleadings, rules of evidence, and the statute of limitations—depend upon the law of the place where the suit is brought. *McNiel* v. *Holbrook,* 12 Pet. (37 U. S.) 84, 89. But matters of substance and procedure must not be confounded because they happen to have the same name."

This also seems to be the rule in Georgia:

"As to all matters affecting the remedy, including the evidence, and therefore the burden of proof, the laws of the forum govern, even as to suits on contracts made or torts committed in other States. *Richmond & D. R. Co.* v. *Mitchell,* 92 Ga. 77, 80 (18 S. E. 290); *Massachusetts Benefit Life Ass'n* v. *Robinson,* 104 Ga. 256 (8), 286 (30 S. E. 918, 42 L. R. A. 261)." *Atlanta, etc., R. Co.* v. *Broome,* 3 Ga. App. 641 (60 S. E. 355).

It has been held in Illinois:

"It is undoubtedly well settled that the law of the place where the contract is made must govern the contract as to its validity and construction. But the law of the remedy is no part of the contract. *Wood* v. *Child,* 20 Ill. 209. 'When the question is settled that the contract of the parties is legal, and what is the true interpretation of the language employed by the parties in framing it, the *lex loci* ceases its functions, and the *lex fori* steps in and determines the time, the mode and extent of the remedy.' *Burchard* v. *Dunbar,* 82 Ill. 450." *Reid, Murdock & Co.* v. *Northern Lumber Co.,* 146 Ill. App. 371, 377.

If by "extent of the remedy" is meant the measure of damages for breach of contract, like in the case at bar, we entertain a different opinion. We hold that the law of the forum governs the remedy; the remedy clearly covers the character and form of action, evidence appropriate thereto, and rules of procedure, but damages for breach of contract pertain to a substantive right and not to remedy. Evidence at the trial to sustain the action relates to liability in accord with the *lex loci.*

Defendant obligated himself to accept the instruction contracted for and to make the agreed payments. Under the contract he was to pay in Illinois, and plaintiff was to send the instruction to him in Michigan. If we say that, under such circumstances, one party was to perform his part in Illinois and the other in Michigan, then which law is to control?

Goodrich on Conflict of Laws, p. 232, says of such an instance:

"There seems nothing left but to apply the local contract rules of the *lex loci contractus.* * * * The test of the law of the place of performance thus fails to work in a frequently encountered and important class of cases."

Defendant refused to accept instruction. This excused plaintiff from sending the same to him. When defendant stopped performance by plaintiff, his liability as promisor remained.

At the trial plaintiff offered a certified copy of a decision of the Illinois appellate court in the case of *International Accountants Soc.* v. *Maxwell, supra,* "for the purpose of showing that the law in Illinois permits a school to recover the balance due under the terms of contracts with students, if the course is not completed by the student, and it is through no fault of the school that the student does not re-

ceive the full course.'' The cited appellate court report does not contain the opinion, and, therefore, it was necessary to obtain and offer the certified copy. Under the doctrine of comity, the rights of plaintiff and the liability of defendant, under and by virtue of the contract, are determined by the *lex loci.* Procedure employed to obtain such redress is ruled by the *lex fori.* The action at bar arose out of defendant's breach of an Illinois contract, and the measure of the relief to be awarded plaintiff is gauged by the *lex loci,* as adjudged in the mentioned case, and not by the *lex fori.* The substantive rights of plaintiff accrued by reason of defendant's breach of an Illinois contract. For such breach defendant must respond under the law of the contract and have his liability for breach thereof so measured.

Counsel for defendant contend that an opinion of the Illinois appellate court, not being a court of last resort, should not be accepted as an authoritative exposition of Illinois law. The opinion of that court was accepted by this court in *Rice* v. *Rankans,* 101 Mich. 378. The point is without merit. See 3 Comp. Laws 1915, § 12515.

The judgment should be reversed and a new trial granted, with costs to plaintiff.

The late Justice Fellows took no part in this decision.