## Eismann v. McCleese
### [Cite as 7 AOA 79]

Case No. 3-89-8
Crawford County, (3rd)
Decided October 24, 1990

John L. Wagner, Attorney at Law, P.O. Box 576, Galion, Ohio 44833, for Appellant.

Nicholas W. Jones, Attorney at Law, 2 West Winter Street, Delaware, Ohio 43015, for Appellee.

EVANS, J.

Defendant-Appellant, Don McCleese, appeals from a judgment of the Municipal Court of Crawford County finding for plaintiff-appellee, John M. Eismann, in the sum of $3,750 plus interest and costs.

Plaintiff-Appellee, John M. Eismann, a food service consultant, and Defendant-Appellant, Don McCleese, entered into a contract on January 29, 1986, the terms of which provided for appellee to prepare a full set of working drawings for kitchen and laundry facilities in a golf course club house. The agreement provided essentially for the project to be completed in two phases. The first phase was to consist of all of the preliminary planning. The second phase was to consist of the preparation of a full set of working drawings of the proposed facilities.

The total fee to be paid for these services was $4,250. Upon entering into the agreement appellant was required to pay a $500 retainer. The remaining $3,750 was to be billed monthly in an amount proportionate to the amount"'of the work completed during the preceding month. Appellant was first billed on March 3, 1986, in the sum of $250. However, appellant refused to pay, claiming that he was not obligated to pay until he received the full set of working drawings contracted for. Subsequently, appellee refused to deliver the final set of working drawings until appellant paid in accordance with the terms of their agreement.

The parties' positions being deadlocked, appellee filed a "complaint on account" on April 13, 1988, seeking to recover the amount due him under the contract. Appellants answer, filed April 29, 1988, denied such indebtedness and counterclaimed seeking relief in the sum of $9,500 for breach of contract. On March 27, 1989, the matter proceeded to a bench trial. By entry of March 27, 1989, the trial court entered judgment for appellee on his complaint in the sum of $3,750 plus interest and costs.

It is from this judgment that appellant appeals submitting three assignments of error which provide as follows:

"I. THE COURT ERRED IN GRANTING JUDGMENT FOR BREACH OF CONTRACT, WHEN THE ACTION WAS FOR JUDGMENT ON ACCOUNT.

"II. THE COURT ERRED IN FINDING THAT A BREACH HAD OCCURRED.

"III. THE COURT ERRED IN THE AMOUNT OF DAMAGES IT FOUND DUE FOR BREACH OF CONTRACT."

Appellant's first assignment of error contends that the trial court erred in applying principles of contract law to this cause which was initiated and tried as an action on an account.

Appellant argues that an action on an account and an action on a contract are two distinct causes giving rise to different theories of liability and measures of damages.

Accordingly, in defending an action brought on an account, appellant argues that he defended on that basis and thus, when the trial court resolved the action utilizing contract principles he was, in effect, precluded from presenting any of a number of contract defenses which may have been available to him, such as mitigation of damages.

We disagree. While, in a technical sense, an action on an account and a contract are separate causes there remains, nonetheless, a

great degree of overlap between the two. An action on an account necessarily assumes the existence of a contract, express or implied, from which the debt in issue arises. Therefore, an action on an account properly sounds in contract. See generally, 1 Ohio Jurisprudence 3d (1977), 171, Accounts and Accounting, Section 11. As stated by the court in *American Security Service v. Baumann* (1972), 32 Ohio App. 2d 237, 243-244:

"Inasmuch as an action on an account is founded upon [a] contract, express or implied, any competent evidence is necessarily admissible to prove the existence of the contract, its consideration, the *furnishing of the services or goods,* the consideration therefor, any payments made, and the balance due." (Emphasis added.)

A review of the record discloses no occasion when the appellant attempted to introduce any evidence in the nature of a defense to plaintiff's claim which was rejected by the trial court. Furthermore, we note that, while he complains of being in effect denied the opportunity to present a contractual defense, appellant's primary defense at trial was contractual in nature. More specifically, appellant argued that appellee was not entitled to payment because he failed to completely perform the services contracted for, which was to deliver a full set of working drawings.

Appellant's first assignment of error is not well taken and is overruled.

For his second assignment of error appellant contends that the trial court erred in finding that a breach of contract had occurred.

The trial court concluded that appellant breached the agreement when he failed to pay the $250 bill submitted to him on March 3, 1986. Appellant argues that his refusal to pay this bill did not constitute a breach of contract because this bill should have been applied against his $500 retainer paid upon the execution of the contract, thus, he had no obligation to pay.

We reject appellant's argument. As to the payment of the retainer and the outstanding balance of the fee the parties' agreement provided, in pertinent part, as follows:

"JSR Consultants [appellee] will perform the aforesaid services for a fixed fee of Four Thousand Two Hundred and Fifty Dollars ($4,250.00) plus all travel, expenses and per diem incurred in connection with providing these services. A retainer of Five Hundred Dollars ($500.00) shall be paid at the time the proposal is signed and returned to JSR Consultants [appellee]. The retainer shall be applied to the above fixed fee. Payment of the remainder of this fee and reimbursement for travel, expenses and per diem shall be made as follows: On the fifteenth day (15th) of each month JSR Consultants [appellee] will bill you for our fees, travel and expenses incurred for the previous month. Our fees for the month will be in proportion to the work completed in that month, so that if twenty-five (25%) of the work is completed in one month our fee for that month will represent twenty-five (25%) of our total fee. This bill is due upon receipt."

In light of the express terms of the contract, appellant's contention that he was not obligated to pay until he received the final set of working drawings and that the initial billing should have been applied against his $500 retainer are untenable. The contract specifically states that these monthly bills are due on receipt. In the absence of any express language in the agreement supporting appellant's position his second assignment of error is not well taken and is overruled.

For his third and final assignment of error appellant contends that, should this court find that he breached his contract with appellee, then the damages awarded were excessive.

The damages of which appellant complains consisted of the sum of $3,750 plus interest and costs. This sum represents the full contract price less the $500 retainer paid by appellant when the agreement was executed. Appellant argues that if he breached the contract by failing to pay the March 3, 1986, bill for $250 then appellee was unjustified in, and should not be permitted to recover for, continuing to perform under the contract. Rather, appellant argues, appellee was obligated to mitigate his damages upon learning of the breach.

It is a fundamental principle of Ohio law, as stated in 30 Ohio Jurisprudence 3d (1981) 30, Damages, Section 21, that:

"Where one party to a contract repudiates it before it has been fully performed by the other party, the latter has no right unnecessarily to increase his damages by continuing Performance, and if he does so he cannot recover such enhanced damages."

This principle imposes upon the non-breaching party a duty to " *** exercise reasonable, practical care and diligence (not extraordinary measures) to avoid excessive damages." *Provi-*

*dent Bank v. Barnhart* (1982), 3 Ohio App. 3d 316, 320.

The record clearly establishes that appellant breached the contract because the preliminary plans were completed and sent to appellant but the invoice for this work was never paid. The record is also clear that appellee failed to mitigate his damages after he became aware of the breach by the appellant. We find the following responses by the appellee in the record.

"Q. Mr. Eismann, you have heard the testimony today about Mr. McCleese not receiving what has been approved as Plaintiff's Exhibit number 6. (the working drawings) Do you have an explanation for that?

"A. Yes, I do. Normally we billed Mr. McCleese -- we had our $500 retainer. We billed him for the preliminary phase which we never got paid for. And in discussion with Chris Baldwin he said, 'Well finish the plans out. We are waiting for ours--

"MR. WAGNER: Your Honor, I'll object to what Mr. Baldwin said.

"THE COURT. I will admit it only for the purpose of explaining an action, but not for the truth thereof. Go ahead.

"A. Because I was working through Chris, as he was the architect or project leader. We normally work through architects. Even though I work for a client, I still have to work with the architect. He's building the building.

"So I asked him for his direction and they said they were finishing the plans, but they were going to sit on them until they got paid. Therefore, we did likewise. We completed the plans on good faith. So when we got paid -- I was told I was going to be sent a check, I would send them the plans."

Thus, it is clear that appellee did nothing to mitigate his damages. In addition, an examination of the record reveals that the proof of damages offered by the appellee in support of his claim is inadequate.

In the case of *Allen, Heaton & McDonald, Inc. v. Castle Farm Amusement Co.* (1949), 151 Ohio St. 522, Justice Taft writing for the court explained the rule as follows:

"When a plaintiff sues on a contract to recover the amount he would have received for the full performance prevented by a defendant's breach, he seeks in effect to recover as damages the profit from performance of the contract which profit defendant's breach prevented him from earning. In such a case, plaintiff has the burden of alleging and proving not only (a) what he would have received from the performance so prevented, but also (b) what such performance would have cost him (or the value to him of relief therefrom). Unless he proves both of those facts, he cannot recover as damages the prof its he would have earned from full performance of the contract. *United States v Behan,* 110 U.S., 338, 28 L.Ed. 168, 4 S.Ct., 81; *Walton School of Commerce v. Stroud,* 248 Mich., 85, 226 N.W., 883. See 5 Williston on Contracts (Rev. Ed.), 3817, Section 1360." See also, *Digital & Analog Design Corp. v. North Supply Co.* (1989), 44 Ohio St. 3d 36, 40.

Appellee offered no evidence on the cost of performing the contract after becoming aware of the breach. Instead appellee asked for and received an award of damages based on the full contract price.

We conclude that the trial court committed error prejudicial to the appellant by awarding damages based on the full contract price. We sustain appellant's third assignment of error, reverse and vacate the judgment of the trial court and remand this cause for further proceedings consistent with this opinion.

*Judgment reversed and cause remanded.*

SHAW, P.J., and MILLER, J., concur.