### George J. Cooke Company, Defendant in Error, v. Peter Hell, Plaintiff in Error.

### Gen. No. 16,833.

1. DAMAGES—*breach of contract for sale of beer.* Where defendant saloon keeper broke a contract to buy beer from plaintiff brewing company at the market price, and the contract shows the beer was to be manufactured by plaintiff, the measure of damages is the difference between cost of manufacture and contract price.

2. DAMAGES—*where contract is for sale and not for manufacture.* Where there is a contract merely for the sale and not for its manufacture, the measure of damages for a breach thereof is the difference between the contract price and the market price.

3. SALES—*construction of contract.* A contract will be construed to be for the sale of beer to be manufactured by the seller where the seller is a brewer and the contract stipulates that it may be suspended if the seller is "prevented or hindered in carrying out its provisions by the partial or total destruction of its plant."

Error to the Municipal Court of Chicago; the Hon. HENRY C. BEITLER, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1910. Affirmed. Opinion filed December 11, 1912.

WINSTON, PAYNE, STRAWN & SHAW, for plaintiff in error; JOHN C. SLACK, of counsel.

HARRY A. DAUGHERTY, for defendant in error.

MR. JUSTICE BAUME delivered the opinion of the court.

This was an action in the Municipal Court by the George J. Cooke Company, a corporation, defendant in error, against Peter Hell, plaintiff in error, to recover damages for the alleged breach by plaintiff in error of the following contract:

"FOR AND IN CONSIDERATION of One Dollar ($1.00) in hand paid by each of the parties hereto to the other, the receipt of which is hereby mutually confessed, the Geo. J. Cooke Co., a legal Illinois corporation, party of the first part, sells and Peter Hell, of Chicago, Cook County, Illinois, party of the second part, buys One Thousand barrels of beer, to-wit:

"1st.   All of said beer shall be delivered by said first party to the place of business of said second party at 2384, 115th St. (Kensington), Chicago, Illinois, and to no other place, and none of said beer shall be sold or otherwise disposed of by said second party in the original packages.

"2nd.   All beer delivered hereunder shall be of good and merchantable quality and shall be delivered as said second party may from time to time direct, except that no deliveries shall be made on Sundays or legal holidays, and that all of said beer shall be delivered and taken within and during the period of time beginning July 23rd, 1907, and ending July 23rd, 1909.   Time is of the essence of this Contract.

"It is agreed and understood by and between the parties hereto that no less than 8 barrels and no more than 25 barrels of the said beer shall be delivered and taken during each week of the period of time hereinbefore mentioned.

"3rd.   Said second party agrees to pay said first party for all beer delivered hereunder at the rate of market price, per barrel, net cash on delivery, excepting that said second party agrees to pay as much more for each barrel delivered hereunder, over and above the price herein mentioned, as the United States Government tax may be increased over and above $1.00 per barrel.

"4th.   It is agreed and understood by and between

the parties hereto that the performance of this Contract may be suspended if the said first party is prevented or hindered in carrying out its provisions by the partial or total destruction of its plant, machinery or equipment by fire, action of the elements or accident, or by strikes or lockouts, or if said second party is prevented or hindered in disposing of said beer, by fire or other damage to the premises used by him for that purpose; it being understood, however, that such suspension shall continue only during the existence of such disability or hindrance, and provided that either party may declare the Contract annulled if any such disability or hindrance continues for a period of six months or more.

"5th. It is further and especially agreed by and between the parties hereto, that in the event that either party fails to perform any and all of the provisions of this Contract, the party so failing will pay to the other party, as agreed and liquidated damages for such failure, the sum of $2.00 for each and every barrel of beer herein contracted for, which at the time of such failure has not been delivered.

"6th. This Contract may be assigned by said second party only with the consent of said first party, endorsed in writing hereon.

"For the faithful performance of this Contract by the second party, first party agrees to allow second party about the first day of each month, fifty cents (50c) per barrel for each and every barrel sold as above provided by second party during the previous month.

"In witness whereof, said first party had caused these presents to be executed on its behalf by its duly authorized agent, and said second party has hereunto set our hand and seal this 17th day of July, 1907.

GEORGE J. COOKE, Co.,

By GEO. J. COOKE, Pres.

PETER HELL    (SEAL.)

"Signed, sealed and delivered
in the presence of
J. A. FLANIGAN."

A trial by jury resulted in a verdict and judgment against plaintiff in error for $971.25.

During the month of August, 1907, and up to September 17 following, defendant in error delivered to plaintiff in error 75 barrels of beer which was paid for by plaintiff in error according to the terms of the contract. Thereafter plaintiff in error refused to order or to accept the delivery of any more beer from defendant in error under claim of a right to rescind and repudiate the contract.

The rule as to the measure of damages adopted by the court below was the difference between the cost per barrel of manufacturing and delivering the beer and the contract price, which was market price.

It is urged on behalf of plaintiff in error that the contract in question should properly be construed as a contract for the sale of beer merely and not as a contract for the sale of beer to be manufactured by defendant in error, and that the rule which should have been adopted as to the measure of damages is the difference between the contract price and the market price, and that as the price stipulated in the contract was the market price defendant in error was not in any event entitled to recover more than merely nominal damages.

In Wolf v. George J. Cooke Co., No. 13,464, opinion filed in this court, Nov. 22, 1907, not reported, wherein the contract involved was precisely like the contract in the case at bar in the particular in question, it was said: "The contract shows by its terms that the beer was to be manufactured by the plaintiff, and the plaintiff was entitled to recover the difference between the cost of manufacture and the contract price." We are in accord with the conclusion announced in the Wolf case.

The fourth clause of the contract, whereby it is provided that the contract may be suspended if defendant in error is "prevented or hindered in carrying out its provisions by the partial or total destruc-

tion of its plant," etc., taken in connection with the fact that defendant in error was known to be engaged in the manufacture of beer, unmistakably implies that the beer contracted to be sold was to be manufactured by it. The contract in effect provides for the suspension of its performance in the event that defendant in error " is prevented or hindered" from manufacturing the beer, it thereby agrees to sell. If the contract had been merely for the sale of beer generally of good and merchantable quality the parties would doubtless have incorporated in the contract a provision for its suspension in the event, also, that defendant in error was unable to procure such beer.

If it be conceded that some of the beer delivered by defendant in error to plaintiff in error was not of the quality contracted for, and that plaintiff in error would have had the right to return such portion of said beer and to have rescinded the contract, if it appeared that defendant in error delivered an inferior quality of beer under circumstances indicating an intention on its part to avoid the contract, the evidence discloses that plaintiff in error did not return any beer to defendant in error, and further discloses a purpose on the part of plaintiff in error to repudiate the contract at the instigation of a competitor of defendant in error, even though defendant in error had delivered beer of the quality required by the contract.

Upon the issues of fact involved the verdict of the jury is not contrary to the manifest weight of the evidence, and the record is free from any prejudicial errors of law.

The judgment is affirmed.

*Judgment affirmed.*