## H. W. Faulkner & Company, Appellee, v. Centralia Bottling Works, Appellant.

1. APPEAL AND ERROR—*estoppel to urge error in instruction where appellant not aggrieved*. In an action for damages for breach of contract in which plaintiff had judgment, defendant is in no position to urge as error the fact that the instructions given for plaintiff contained no statement of what should be the measure of damages where the court at defendant's request gave an instruction embodying what defendant contends was the correct measure of damages, which was much more favorable to defendant than a correct statement of the measure of damages would have been.

2. INSTRUCTIONS—*refusal to give cumulative instruction not error*. It was not error to refuse to give a requested instruction where another instruction was given which substantially embodied the same statement.

3. INSTRUCTIONS—*refusal of request unsupported by evidence not erroneous*. In an action on a contract by defendant to purchase a certain quantity of concentrated beverage it was not error to refuse defendant's request to instruct that, if the jury believed it was impossible to manufacture from the concentrate furnished a drink which could be sold for beverage purposes to the public, the

verdict should be for defendant when there was no evidence upon which to base the instruction as the testimony showed that no attempt had been made to use the concentrate shipped but that it never was accepted from the carrier.

4. Sales—*when evidence as to unsalcability of goods inadmissible in action by seller for breach of sales contract.* In an action on a contract by defendant to purchase a certain beverage concentrate the court properly refused to admit testimony by two of defendant's salesmen to the effect that they had been unable to sell beverage of that name, where the period proposed to be covered by such testimony was before the contract in question was made and it appeared that the beverage they would refer to was not manufactured from the concentrate furnished under the contract.

5. Sales—*refusal by buyer to accept first shipment under continuing contract as excusing further shipments.* Where the purchaser of goods under a contract providing for shipments over a certain period, refused to accept the first shipment and indicated an intention to rescind the contract, the seller, being ready, willing and able to comply with the terms of the contract, was excused from actually shipping to defendant the balance of the goods before commencing its action for damages.

6. Sales—*measure of damages for breach by buyer of sales contract of goods to be manufactured.* In an action for breach of a contract to purchase goods which are to be manufactured and shipped after the date of the contract, where the contract is rescinded or violated by the vendee, the proper measure of the vendor's damages is the difference between the cost of manufacturing the article and the contract price.

7. Damages—*when award for breach of sales contract not excessive.* Where the verdict of the jury in an action for damages for breach of a contract of sale was not in excess of what it would have been justified in finding in case they found the facts in favor of plaintiff it cannot be said to be excessive.

Appeal by defendant from the Circuit Court of Marion county; the Hon. William B. Wright, Judge, presiding. Heard in this court at the March term, 1924. Affirmed. Opinion filed July 7, 1924.

Wham & Wham, for appellant.

Chas. H. Holt and Conrad Schul, for appellee.

Mr. Justice Higbee delivered the opinion of the court.

This is an action of assumpsit commenced to the September Term, 1923, of the Circuit Court of Marion county by appellee, H. W. Faulkner and Company, a corporation, to recover from appellant, the Centralia Bottling Works, a corporation, damages for the alleged breach of a certain written contract dated August 9, 1922. By this contract appellee granted to appellant the exclusive right and privilege to bottle and sell in bottles only, a beverage designated as Moonshine for a period of five years from the first day of January, 1923, in designated parts of Washington and Clinton counties and in all of Marion and Clay counties. In consideration whereof appellant agreed to buy from appellee during each of these five years fifty gallons of Moonshine Concentrate at $7.00 per gallon f. o. b. Mt. Vernon, Illinois, at the rate of 10 gallons in each of the months of March, April, May, June and July of each year; to prepare and bottle this Moonshine Concentrate in the manner specified in the contract; not to sell the same in any other form than bottled and not to bottle for sale nor sell any other cherry flavored drink in bottles during the period of the contract. Appellee agreed to advertise Moonshine in the described territory in such ways and to such extent as it might deem expedient, furnishing signs and indoor hangers to appellant for its use and distribution, and also to furnish free drink tickets. By the terms of the contract appellee was not to be precluded from selling Moonshine Concentrate or Moonshine Syrup either directly or through jobbers for use in soda fountains located within the territory reserved to appellant, but expressly reserved the right to sell the same in that territory for any and all uses and purposes except for bottling purposes. Appellant was to pay for the Moonshine Concentrate within twenty days from date of shipments. The declaration alleged that appellee had been at all times ready, able and willing to do and perform its part of the contract

and had so notified appellant, but that appellant had repudiated and abandoned the contract. Upon trial before a jury a verdict was returned in favor of appellee in the sum of $574.00. From the judgment entered on that verdict this appeal has been perfected.

It appears from the evidence that after the execution of the contract but before January 1, 1923, when it was to go into effect appellee had expended the sum of $270.00 in advertising this beverage in the territory reserved for appellant stating in some of this advertising that appellant was the distributor thereof. Appellee made the first shipment of 10 gallons provided for in the contract for which, under the contract, appellant would have owed appellee $70.00. It was also testified to by witnesses for appellee that the difference between the cost of manufacturing this Syrup or Moonshine Concentrate and the price for which appellant was to pay for the same was $2.10 per gallon, and that its profit on, or the difference between the cost of the manufacturing and the sale price under the contract, of the remaining 240 gallons not shipped to appellee would have been $504.00 which with the sale price of $7.00 per gallon on the 10 gallons shipped made a claimed loss to appellee of $574.00. In addition thereto appellee insisted it was entitled to repayment of $270.00 expended for advertising, making a total loss of $844.00 as claimed. Under date of January 10, 1923, appellant wrote appellee a letter stating in substance that due to the fact that an inferior grade of Moonshine was being sold by other concerns in the territory reserved for appellee and because of the fact that the manufacturer of another cherry flavored beverage called Cherry Blossom had satisfactorily protected the interests of appellant in the sale of that beverage that appellant had decided to cancel the contract with appellee and sell only Cherry Blossom. Considerable correspondence resulted between the parties after this letter. Appellee however made the

first shipment provided for by the contract and in said correspondence notified appellant that it was ready, able and willing to continue to make the remaining shipments.

Among the errors assigned by appellant and relied upon for the reversal of the judgment is that the instructions given in behalf of appellee were erroneous in that they did not define any measure of damages. There were only three instructions given in behalf of appellee and they did not contain any statement as to what should be the measure of damages. However, appellant is in no position to urge this as error for the reason that at its own request the court did give what appellant contends is a correct statement as to the proper measure of damages, in this case. That instruction, in our opinion, is much more favorable to appellant than a correct statement of the measure of damages in a case of this nature would have been.

It was also assigned as error and argued that the court erred in refusing to give certain instructions offered by appellant. One of these refused instructions in substance advised the jury that if appellee in violation of its contract permitted the sale of Moonshine by parties other than appellant in the territory reserved for appellant the verdict should be for appellant. The refusal of this instruction was not error however for the reason that the court did give an instruction for appellant which substantially embodied this same statement. The other instruction of appellant, the refusal of which is urged as error, stated that if the jury believed it was impossible to manufacture from the Moonshine Concentrate furnished by appellee to appellant, a drink which could be sold for beverage purposes to the public, and which if properly handled would meet the general favor of the public, that the same was not an article which could be used for the purpose for which it was agreed to be furnished by appellant, and the verdict should be for ap-

14        APPELLATE COURTS OF ILLINOIS.

H. W. Faulkner & Co. .v. Centralia Bottling Works, 234 Ill. App. 9.

pellant. In our opinion there was no evidence upon which to base this instruction for the reason that the testimony in behalf of appellant was that no attempt was made to use the concentrate shipped to it by appellee. The evidence rather tends to show that this concentrate was never accepted by appellant from the transporting railroad company and so far as the evidence discloses it was still held by said company at the time of the trial.

Complaint is further made that the court refused to admit the evidence of two salesmen of appellant to the effect that they had not been able to sell Moonshine. It appeared that the period of time proposed to be covered by the testimony of these witnesses was prior to January, 1923, the date upon which this contract was to take effect, and that the Moonshine which they would swear they were unable to sell was not manufactured from Moonshine Concentrate furnished appellant by appellee under the contract in controversy. Under such conditions it was not error for the trial court to sustain objections to this testimony.

It is also assigned as error and relied upon for the reversal of this judgment that the verdict of the jury and judgment of the court are excessive and not supported by the evidence. By reason of appellant's conduct, appellee, being ready, willing and able to comply with the terms of the contract, was excused from actually shipping to appellant the remaining concentrate before bringing its action for damages. Under the contract the concentrate was to be manufactured and delivered by appellee to appellant after the date thereof, and in such case where the contract is rescinded or violated by the vendee the proper measure of a plaintiff's damages is the difference between the cost of manufacturing the article and the contract price. (*Kingman & Company v. Hanna Wagon Company,* 176 Ill. 545; *George J. Cooke Company v. Hell,* 175 Ill. App. 532, and *George J. Cooke*

*Company v. Hochmuth*, 194 Ill. App. 626.) Under this rule as to the measure of damages and the testimony in the case that the difference between the cost of manufacturing and the sale price of the concentrate was $2.10 per gallon, appellee in any event would have been entitled to a verdict for $504.00 for the 240 gallons not shipped. If to this $504.00 is added the contract price of $7.00 per gallon for the 10 gallons shipped, appellee's loss would be $574.00, the amount found by the jury. We do not know just what elements went into the amount found by the jury but in any event the amount is not in excess of what the jury under proper measure of damages would have been justified in finding in case they found the facts in favor of appellee. The jury heard and saw the witnesses testify and the evidence appears to justify the finding that appellee was entitled to recover. The verdict is not excessive and no reversible error appears upon the record.

The judgment is therefore affirmed.

*Affirmed.*